MECHANICS' BANK, Defendant in Error, *v.* SAMUEL FOWLER *et al.*, Plaintiffs in Error.

*Practice—Issues—Note.*—Where the answer denies any of the material allegations of the petition, and presents an issue of fact, it cannot be stricken out upon motion. An answer, denying the endorsement or assignment of the note to the plaintiff, or alleging that the note was obtained by fraud, and that the plaintiff had notice thereof at the time of taking the note, or alleging that the note had been fraudulently altered after delivery, tenders material issues.

### Error to Benton Circuit Court.

*F. P. Wright,* for defendant.

The court clearly erred in striking out the answer.

I. Plaintiffs only claim of either is the alleged endorsement of Acock, and this averment the answer specifically denies, and also denies that plaintiff is the owner and holder of the note. Plaintiff could not recover without proving the assignment and title to the note. (Mechanics' Bank v. Donnell, 35 Mo. 373.)

II. The endorsement being a forgery can found no title, and plaintiff has no right of action; and clearly so, as it was done by an officer of the bank and agent of plaintiffs. An endorsement is a new contract, by which the endorsee acquires title; and this contract being void, no right accrued to plaintiffs. (Bai. Bills, 149.) The makers are not liable by reason of a forged endorsement. (Hall v. Fuller, 5 Barn. & Cres. 750; Smith's Merc. L. 195–6.)

III. A note obtained by fraud and imposition is void between the original parties, in accordance with the dictates of natural justice, recognized in the jurisprudence of every civilized country. (Sto. Prom. N. 221, § 188.)

IV. The cutting off the signature of one of the makers of the note was a material alteration, and avoided the note. (Trigg v. Turner, 27 Mo. 245; Sutten v. Turner, 7 Barn. & Cres. 416.)

V. The answer denies the averment of excuse for not demanding payment and giving notice; and defendants insist that they are not in default or liable to an action. All this is denied. This part, the answer having been stricken out, the question is properly presented.

WAGNER, Judge, delivered the opinion of the court.

This case must be reversed. The petition states that Fowler and Williams made their negotiable promissory note, payable to the order of B. F. Acock, for the sum of ten thousand seven hundred and thirty-eight dollars eighty-one cents, dated the 5th day of September, 1861, due twelve months after the date thereof, which said note was payable at the branch of the Mechanics' Bank at Warsaw, Missouri. That the said Acock, the payee, by his written endorsement thereon, and for a valuable consideration, sold and delivered the said note to plaintiff. The note was not presented at the bank when it became due and payable, nor was it protested; but there is an averment, that it was impossible on account of the rebellion to have the note presented and protested at that time.

Acock was not served with process. Fowler and Williams appeared and filed their answer.

Their answer alleges that the note was obtained by fraud and imposition; that the assignment was fraudulent and forged, and that the plaintiff took said note with knowledge of these facts. They further allege that, after the making of the said note, it was materially altered, by cutting or tearing off the name of a person who signed as a joint maker with the defendants. They also specifically deny that said Acock by endorsement assigned said note to plaintiffs, or that it was impossible to have had the note protested, when the same became due, on account of the rebellion then existing in the country.

The plaintiff, by her attorney, then filed a motion to strike out said answer, because it stated no legal defence to plaintiff's petition. This motion the court sustained and then

gave judgment for plaintiff for want of an answer, to which action and decision of the court the defendants excepted.

Defendants then filed their motion to set aside the judgment and grant them a new trial; which being overruled by the court, they excepted, and now bring the case here by writ of error.

It is impossible to sustain the action of the court below in thus summarily disposing of the defendants' answer. They tendered several good and material issues, which if proved as alleged, would have amounted to a complete defence, and on these they were entitled to a trial. Plaintiff's only claim of action is the alleged endorsement of Acock, and this averment is positively and specifically denied in the answer, as also that she is the legal owner of the note; and without proving the assignment and ownership, no recovery can be had. We will not discuss the other issues raised by the answer, as we cannot tell what evidence will be given to support them, or what precise shape they may assume.

Wherefore the judgment is reversed and the cause remanded; the other judges concurring.